JOSEPHINE TOMASZEWSKI, ADMINISTRATRIX AD PROSE-QUENDUM OF STEPHEN TOMASZEWSKI, RESPONDENT, v. ISADORE SCHACTMAN, APPELLANT.

Submitted May 25, 1934—Decided September 27, 1934.

For the appellant, *Kellogg & Chance.*

For the respondent, *Arthur J. Connelly.*

The opinion of the court was delivered by

LLOYD, J. This is an automobile accident case in which a thirteen-year-old boy was killed, suit brought by the administratrix and judgment obtained therein for the plaintiff. The defendant appeals and urges for reversal that there should have been a nonsuit on the ground of contributory negligence and that certain requests for instructions were improperly refused.

We think the nonsuit was properly denied. The conduct of a boy thirteen years of age is not to be gauged by the standards exacted of an adult. *David* v. *West Jersey and Seashore Railroad,* 84 *N. J. L.* 685, and numerous other authorities from that time to the present.

The evidence respecting the accident and the conditons leading up to it, most favorable to the plaintiff (which must be accepted for the purpose of the motion to nonsuit), were that the boy was playing on the easterly side of Morris avenue in Newark and attempted to cross the street in front of an automobile parked on that side of the highway. As he had approached within four or five feet of the westerly curb of Morris avenue he was struck by defendant's car going north, and the right front headlight of that vehicle was broken by the impact. The testimony of one of the witnesses was that the boy started slantwise across the street and had "lots of time to get over."

Clearly the contributory negligence thus presented, if it existed, was one for the jury and not for the court in view not only of the age of the deceased, but of the position of the defendant's automobile on the highway. The driveway of the street itself was thirty or thirty-two feet in width, and even if the defendant were passing an automobile there would be no occasion to pass so near to the westerly curb as to strike a boy within four or five feet of that curb, and by the right-hand driving light of his car.

We think there was error, however, in the treatment by the learned trial judge of certain requests for instructions to the jury presented by the defendant. While the defendant's testimony was to the effect that he was proceeding north on his own right side of Morris avenue when the accident occurred, and that the street was free from other traffic at the time, there was evidence to the effect not only of the presence of the alleged parked car but of the presence also of a Chevrolet car moving in the same direction as that of the defendant's automobile and that it was while in the attempt to pass this Chevrolet car that the accident happened. In this situation the defendant presented among other requests the following:

"It is not unlawful for one driving an automobile to go to the left of the center of the street in attempting to pass a vehicle ahead if the roadway is not wide enough for him to remain on the right-hand side of the street in passing."

"It is not *per se* negligence for one driving an automobile to attempt to pass an automobile ahead of him."

These requests were denied and their substance was not charged in the instructions given to the jury. Under these circumstances the case must go back for retrial and to that end it is reversed, with a *venire de novo*.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.